**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WORLDWIDE SUBSIDY GROUP, LLC, a Texas Limited Liability Company,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>WORLDWIDE PANTS INCORPORATED, a California corporation and DOES, 1-10, inclusive,<br><br>Defendants-Appellees. | No.   17-55353<br><br>D.C. No.<br>2:14-cv-03682-AB-AS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted June 7, 2018[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and CHRISTEN, Circuit Judges, and SHEA,[***] District Judge.

Worldwide Subsidy Group (WSG) appeals the district court's order granting summary judgment in favor of Worldwide Pants Inc. (WPI) and denying its motion to strike. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by ruling WSG's breach of contract claims arising from the 2002 written agreement were time-barred. California's four-year statute of limitations for written agreements "accrues at the time of the breach." *Reichert v. Gen. Ins. Co. of Am.*, 442 P.2d 377 (Cal. 1968). Assuming WSG maintained post-term collection rights under the 2002 written agreement, WPI put WSG on notice in December 2003 that it had no intention to honor said rights when WPI and WSG mutually agreed to terminate the 2002 agreement. Accordingly, the statute of limitations ran on WSG's claims in December 2007, making its 2014 complaint untimely.

2. The district court did not err by ruling WSG's claims arising from the alleged 2007 oral contract were time-barred. In California, the statute of limitations for oral contracts is two years, and is triggered on the date of the alleged breach. Cal. Civ. Proc. Code § 339. If an oral contract existed, WPI breached it in

---

[***] The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

March 2007 when WPI issued a declaration expressly revoking WSG's authorization to collect royalties on its behalf. WSG received notice of this revocation by at least May of that year.

3. The district court did not err by denying WSG's motion to strike. WSG filed a Rule 12(f) motion to strike which is inapplicable to a motion for summary judgment.

**AFFIRMED.**